Rosales v. Amedisys, North Carolina, Mr. Bynes. That's correct, Your Honor. Good to have you with us, Mr. Bynes. Thank you, Your Honor. May it please the court, John Bynes on behalf of the appellant. The central issue before the court is whether this action, or the action that was pending in the Eastern District, the Rosales action, is barred by the first-to-file rule because of a prior action filed in the District of South Carolina called the Byers action. The first-to-file rule, as you know, is contained within the False Claims Act. The issue is whether this action is a, quote, related action to the Byers action. And to address that issue, I would like to hit three points. One, talk about the standard and the application of the standard to this case. Two, look at which complaints are supposed to be compared to determine whether or not the Rosales action is a related action to the Byers action. And then number three, address whether this court should look at the motion to dismiss as a 12B1 subject matter jurisdiction motion to dismiss as the court ruled below, or a 12B6 motion for failure to state a claim. The standard that has been developed in this circuit and many others is the same material elements test. And that simply means, well, we actually know from a few cases in this court, what it means in a very limited sense. And that's the Carson case and the Carter case. We know the very slight differences between case A and case B are not sufficient to defeat the first-to-file rule. We know that from those two cases. But our point in this appeal and our point before the district court was that in this case, we have three defendants that are not in the Byers action. And what does that mean? That means even if Byers wins everything, everything they claim, everything they allege, go to trial and win, everything you could possibly win, they will not recover one dime for the United States of America against the three appellees in this case, three defendants below. Is the identity of the defendants alone sufficient to defeat the first-to-file I'm sorry, I missed the first part of your question, Your Honor. Is the identity of the defendants alone sufficient to defeat the first-to-file rule? Uh, when you say alone in this case, yes. In every case, I'm not sure I could say that because there's so many different fact patterns that could develop. Why here? Because a subsidiary, a Byers case claim, uh, included medical officer. And as I understand, uh, the defendant here is just that, a medical officer. Well, I mean, you have corporation A and some of their related entities in South Carolina are defendants. Here you have corporation B, C, and individual D. None of the, none of the defendants that remain in the Rosales case exist or have ever existed in the Byers case. And so we have a situation where... So you do have corporation A, B, C, but you have over all of them, the parent corporation, Byers did implicate the parent corporation in South Carolina. That's correct. And if this case were only against the parent corporation, uh, I would agree that this case would be barred by the first-to-file rule, right? Because if you compare the claims, meaning the... Okay, I need some explanation on that. You're saying if it was only the parent, then it's included. But the fact that they included the subsidiary along with the parent, the answer is no, it doesn't mean? Correct. And the reason is simply because subsidiaries are separate entities. That's why defendants go through all the trouble of setting up all these different entities all over the country so that they can preserve any liabilities so it doesn't shoot through to the parent corporation. That's the whole point of setting them up in that fashion. And in fact, if you look at the Carson case, you see that played out in that case and that the two complaints that were competing to determine whether or not the second was barred by the first-to-file rule, they were determining whether Manor Care, the parent corporation, and four pages of subsidiaries. And I suspect what happened, I haven't looked at the complaints, but I bet Manor Care went ahead and created a separate subsidiary for every one of its locations all over the country. And that's why you had so many subsidiaries in that case, right? But in that case, because the subsidiaries were defendants in both cases, the court found that the second case was barred by the first case, right? And so, just from a thousand feet, you can't have case one defeat case two under the first-to-file rule when case one doesn't have the same defendants as the second case in this case. We also have an additional... Without a parent's complaint in this case, could the government still pursue action against Emeticis and Dr. Batiste under the buyer's complaint? Well, they could in every case, but in this case, they declined to do it in either case, right? And so that's always an issue, and that's addressed in some of the cases that talk about giving the government enough information to investigate the fraud and decide whether or not they intervene in the case. Doesn't the fact that they could have, in either case, sort of defeat your argument? Well, no, Your Honor. There's nothing in the buyer's action that puts... Assuming that's the standard, I think the case law confuses standard, legal standard, with an explanation as to why the legal standard exists, right? And so this whole idea that the government has some kind of notice that would allow them to investigate and decline or not decline to intervene in the case, that notice is trying to explain the underpinning of the first-of-file rule, but it doesn't really get at the problem in this case. The problem in this case has nothing to do with the government because the government declined in both cases. Okay? And so... Can the government change its mind? They can. The Supreme Court says they can. They've done that. But they haven't. That's right. They haven't. Historically, they've done it from time to time. Historically, they very rarely... I'm not an expert in filing claims at cases, I should say, but from what I... They very rarely do it. I was very bad. King Tom, it's what we used to call the private attorney general suits. I was in the government for a while. You still are. I've been dealt with so much. I'm in the executive branch. Yeah, okay. Well, again, I mean, talking about materiality... And we see him up here. That's right. We see him here. Everybody's trying to help out, to keep the fraud out of these things. It's the false claims act. That's correct, Your Honor. It has a worthy... The private attorneys general bring these things and they're like bounty hunters out west. In effect, and it goes back to the 1860s. That's exactly the system they set up, incentivize private citizens to go root out fraud. We used to call them that too. Let's clarify at least a point from my perspective, and that is that you speak as to whether the government has an option to intervene. When it seems to me, the question really is, does the government have notice of an opportunity? In this instance, why isn't it that the government, by the buyer's complaint, is not given notice upon which it can make a decision as to whether to move against the North Carolina entity or even Dr. Batiste? Well, I think that also gets us to the place that I want to take this court. And that is, if the buyers, if you start with the proposition that this is really just kind of a notice exercise, that we want to give the government adequate notice so they can intervene or not intervene. If you follow that line of reasoning, which I don't think you should for a number of reasons, put in my brief and my reply brief, but if you follow that reasoning, there's nothing in the buyer's action, for instance, that says, hey, there's this doctor in North Carolina that is cheating the government. And he's working with the North Carolina subsidiary of a medicine to do so, right? There's nothing about that South Carolina case that would put the government on notice to investigate in North Carolina. But you do have the parent corporation in the South Carolina case. I'm sorry, say it again. The parent corporation is involved in the South Carolina cases, right? The parent corporation is. Why would that not put you on notice to look at the subsidiaries and those who are part of the parent corporation, at least the government? Well, again, if you're talking about notice, yes, I guess if you know one nugget of fraud in somewhere in America, then arguably that pebble creates ripples that go endlessly in every direction. I don't think that's the appropriate way to look at these cases. And it goes back to the actual language in the first to file rule. It simply focuses on what's related mean. A related action is barred. An unrelated action is not barred. What does that mean? Well, it means you have to apply a test. This court has applied the test. But fundamentally, isn't that what this is about? As Judge King alluded to, this is private actions. You get the government involved because the statute says the government is the one that can get involved. I suppose ostensibly it comes up because the government doesn't know about this. That's why the notice thing keeps coming up. But it's a question of whether or not they know there's an alleged fraud out there. Because the government otherwise wouldn't know it, unless you bring an action like this. They bring it, and it says, okay, government, here, look, look, you're not looking. And once they get this indication to look, you're looking at the parent corporation. And I understand the difficulty because these things are filed on a seal. So who knows? When you file them, you don't know what's been filed. But nonetheless, it's there against the parent corporation. So if the inquiry is whether the government is being given an opportunity to know or be noticed or whatever on an alleged fraud of the parent corporation, why wouldn't that implicate North Carolina and Dr. Poteete and anybody else who's a part of that parent corporation? Well, again, the best analogy I can come up with, and I'll use it again, is the pebble in the lake. Yes, there are ripples at some point that stop the rubber band, get stretched to the point of snapping. And if someone puts the government on notice of a fraud, even against their parent corporation, who's headquartered in Louisiana, but does that in Alaska, you know, they're cheating the government in Alaska, your honor, please, or federal government, please take a look at this and investigate. You would be saying that once the government has notice of that, then unless they find all the fraud that exists in America that relates to that same sort of scheme, including, as in this case, the doctors that assisted in the illegal scheme, that somehow the first to file rule would be, would bar the second filed case that is bringing these additional items to the federal government's attention. In other words, there's nothing about the Byers case, getting back to the specifics of this case, there's nothing about that complaint that puts the government on notice of anything Dr. Petit is doing in North Carolina. Well, I mean, we use terms like that, but I just want to make sure, at least in terms of how we think about this, do you disagree that at least, at least I think from our quarter, the way we look at this is that the purpose here is to alert the government of this opportunity here. I mean, the notice aspect of it we can play with, but I'm just using an actual word, notice, alert the government of the actual, of the fact that there is a fraud being committed. And I think you said the pivotal word, purpose. Do you disagree with that? I agree that it's a purpose, but it's not a pivotal purpose. The pivotal issue before the court in this case, and in all these cases, is case B, a related action within the definition of the first to file rule that bars it from proceeding. And I see my time is almost up, so I won't get a chance on my other two issues, but I'll address them in my response. Thank you. Very good, sir. Mr. French? Excuse me. Good morning, Your Honor. May it please the court. I think what counsel was just describing essentially is advocating for the identity, identical facts test, which I think almost every court that's addressed this issue has rejected. This court in Carson adopted the same material elements of fraud test, which does not require exact symmetry between every defendant and every claim. I'd also point out that I think this is the first and the closest that Ms. Rosales has come this morning to actually trying to distinguish the factual allegations in either her initial complaint or her amended complaint. Basically, what she's relied on is I filed this amended complaint that adds Dr. Badish and his practice, and then I voluntarily dismissed, after receiving our motion to dismiss, Emeticis, Inc., the parent company, and 11 other subsidiaries. So now there's a difference in the defendants. That, as Judge Wynn was, I believe, getting at, the Byers case does allege allegations against Emeticis, Inc., and a number of its subsidiaries. That also wasn't the only case that was pending at the time that Ms. Rosales filed her complaint. There was also a key TAM filed in West Virginia, and there was another key TAM filed in New York, both of which were also against Emeticis, Inc. Let me ask you something that's maybe more curious to me. If an action is brought and then the government then declines, it seems like to me that's a different posture than if the government takes it, because the government, by taking it, I can clearly see how the government can go against the parent corporation and all of the subsidiaries. But an individual who's only named that parent and that particular entity, seems like that's a pretty limited action there, and it does not reach into North Carolina and other areas. Is that something you follow, or how does that work? Your Honor, what I would say is that the purpose, and numerous courts have reiterated this, the purpose of the first to file rule is to put the government on notice and to equip them to investigate fraud. What the district court said here was that the buyer's complaint alleged a company-wide fraudulent scheme, and in the district court's view, that would put the government on notice of what's going on in North Carolina. It's impossible in these cases, I think, to list every single potential fact that might come up. I think that's why the court has focused on the material elements of fraud test as opposed to some other test that's out there. So how does that play out if this goes forward, buyers proceeds on, and let's assume remedy is obtained, is there then an opportunity to pursue a separate claim and a separate action that's not part of the first to file? In other words, does the first to file go away, and you then can proceed against North Carolina on this? I think what would happen, Your Honor, is that this court, and I think the district court correctly dismissed the action because at the time the Rosales complaint was filed, there was and remains a pending case, a pending related case. This court in its harder decisions has made very clear that the remedy in that situation is to dismiss without need to amend so that the relater, when and if buyers ever comes to a conclusion, Ms. Rosales can refile her claim at that time. That's an important distinction in what she's trying to do here, which is to essentially amend in the course of an existing action. So she's not without rights. They will have the right, as the court did here, we dismiss the case without prejudice, and then when and if buyers is no longer in existence, that bar, that jurisdictional or statutory bar, however we want to look at it, is no longer in place, and there's nothing then that prevents Ms. Rosales from filing her claim. In anticipation of, counsel indicated that they would like to address the jurisdictional issue, and I just, I think one thing I would like to point out to the court is we don't think it's, first of all, we believe the court's made it very clear in several opinions that it considers the first to file rule to be jurisdictional. In the Carter case, the relator in that case raised the same issue of whether or not the first to file rule is jurisdictional. The court in that case acknowledged that there had been, at least at that point, two different circuit court cases that had gone back on their prior holdings and said we don't believe that the case is jurisdictional anymore. Despite that, this court still held on to the view we understand that those cases exist, however, we've spoken on that issue. Along those lines, I do want, in the purpose of candor, to alert the court to a case, Stein v. Kaiser Foundation, at 115 F. 4th, 1244. That's a case that came down since the briefing in this case. In that case, the Ninth Circuit basically followed some of the other circuits and overturned its prior precedent saying that we think the rule is jurisdictional. The Ninth Circuit has now joined those other circuits in saying we think it's non-jurisdictional. That having been said, we think that this court has clearly spoken that it is jurisdictional. Having said that, we don't think it matters and that the court even has to address that issue. We move to dismiss both on Rule 12b1 and 12b6 grounds. Under either test, the court applies the same material elements of fraud test and that's what the district court did here. This court also has the ability to affirm, on a de novo review, to affirm on any grounds supported by the record, notwithstanding the reasoning of the district court. Even if this court were to change course and decide that the first-file bar is not jurisdictional, applying those same material elements test would, we think, lead to the same result. We already know what the district court's view on that issue is because the district court applied that test and came to the determination that the cases are related and that the Rosales action should be barred. What's the significance? Does it ever dismiss this case without prejudice? What's the significance of that? With dismissing it without prejudice? Yes. Well, it preserves the relators. It preserves Ms. Rosales' right to come back afterwards once the procedural or jurisdictional bar is no longer there in the buyer's case. It allows for Ms. Rosales to file her complaint down the road. So when and if the buyer's case no longer exists through settlement or dismissal, there's a pathway, at that point, for Ms. Rosales to refile her claim at that time. And that's the way that this court and pretty much every other court, except the Gaglois case in the First Circuit, have suggested that the matter needs to be resolved. There are no other questions? Thank you. Thank you very much. Bob? I'd like to address the issue of which complaints should the court have compared. And that is the original complaint in Byers and the amended complaint in Rosales. If you look at the motion to dismiss that was filed below, it was only the amended complaint that was attached to that motion. And yes, there was a reference to 12b1, just simply pursuant to 12b1 and 12b6. But then if you look at the content of the motion, it was all 12b6. So that was clearly where the motion was headed. But if you look at the trial court's ruling that Ms. Rosales was not allowed to amend her complaint, it runs up against a number of problems. One is it runs up against Rule 15, which says you can, in every instance, amend your complaint. In fact, that right has been described in the Galiustian case out of the circuit as an absolute right. So it's an absolute right unless the False Claims Act somehow carves out an exception that makes no sense. Also, if you look at the reasoning behind the few courts that have tried to freeze the false claims plaintiff as of the moment of filing, what they're really doing is they're trying to draw an analogy between False Claims Act, first to file issues, and diversity jurisdiction. That's kind of the thrust of most of the cases. And the idea being that, yes, unless there's diversity on the day that you file the complaint, you can't fix that at a later date. But that's a fact. That's not an allegation or a pleading defect that could be corrected. A pleading defect can be corrected. But a fact that exists cannot be corrected. If you didn't live in a separate state, if there wasn't complete diversity on the moment that you filed the lawsuit, you can't move into another state three days later and try to create diversity. So I think they've taken a square peg in a round hole. But that's the minority view, as you're seeing in other cases. It's the amended, the plaintiff has the right to amend the complaint. They're not frozen in time. Rule 15 applies, and it should apply. And this court has already said that that right is absolute. The next issue is the jurisdictional issue. Now, that one is trickier, admittedly. And the reason is because both Carter and Carson suggest that, yes, this is properly a 12B1 jurisdictional issue. However, this court can look at that issue anew if they find that those very minute statements in each case did not directly affect the ruling in this case. In other words, you can disagree because you can say that's dicta. That's number one. Number two is if the McMillan case in this court is the en banc decision that says it's basically a first to file for the Fourth Circuit, the first case that comes along and controls, and then that no one can change that unless an en banc court changes that, except the Supreme Court can change that. And if you look at the case at the circuits, First, Second, Third, D.C., and apparently now the Ninth Circuit, I haven't read that case, but I'm sure it says what the other cases say and what the Columbia Law Review article says. And that is that the U.S. Supreme Court has already said that unless Congress states clearly that a statutory rule is jurisdictional, it should be treated as non-jurisdictional. And that's called the clear statement rule. And that's why in all these other circuits, you've moved away from looking at this issue as a 12B1 issue and looking at this issue as a 12B6 issue. So your argument is not jurisdictional? I'm arguing that it shouldn't be jurisdictional, although I agree that Carson and Carter both suggest that it is a 12B6, I'm sorry, a 12B1 issue. But I think the better rule is what the First, Second, Third, D.C. Circuit, and apparently now the Ninth Circuit have said, and that is that the Supreme Court has said, look, unless the False Claims Act, in this case, that's not what they said in that case, but unless a statute says this provision is jurisdictional, the default is it's not jurisdictional. Which means we dismiss it with prejudice. Which means you look at the issue as a 12B6 issue, that's all. I do agree with my opposing counsel that I'm not sure it affects the outcome of this case that much either way, except that when the court doesn't have jurisdiction, they have to dismiss immediately, as opposed to a 12B6 where you can grant leave to amend it if there's some pleading defect. That would be the important distinction. But that's why the other circuits have followed the clear statement rule that wasn't even addressed in Carter and Carson. And because it wasn't addressed, and because it's the Supreme Court that has enunciated these rules, I think this court could look beyond Carter and Carson and adopt the rules from the other circuits without running afoul of the McMillan-Ombank standard. That's the one on the dam down on the Ohio River, McMillan? I don't know the facts. I looked at the principle. And again, I don't want to be glib, but it was, in effect, the first-to-file rule for the Fourth Circuit. Thank you. Thank you very much, sir. We appreciate it. We'll come down and read counsel and then adjourn court until tomorrow morning. Thank you.
judges: Robert B. King, James Andrew Wynn, Stephanie D. Thacker